**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.:

PHANI PALADUGU,

     Plaintiff,

v.

SYSTEMONEX, INC.,

     Defendant.

_____/

## COMPLAINT, DEMAND FOR JURY TRIAL, DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, PHANI PALADUGU ("Mr. Paladugu" and/or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, SYSTEMONEX, INC., ("Defendant"), and states as follows:

## NATURE OF THE SUIT

1.     This action is brought under the Fair Labor Standards Act ("FLSA"), for minimum wage and overtime violations pursuant to the Fair Labor Standards Act ("FLSA"), for breach of contract, for unpaid wages in violation of Chapter 448, Florida Statutes, and for wrongful termination in violation of the FLSA at 29 U.S.C. § 215(a)(3).

## PARTIES, JURISDICTION AND VENUE

2.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

3.     Venue is proper as Mr. Paladugu worked for Defendant in Seminole County, Florida, Defendant operates its business in Seminole County, Florida, and the actions giving rise to these claims arose in Seminole County, Florida.

4.     Mr. Paladugu is an non-exempt individual who performed services for Defendant's company in Seminole County, Florida.

## FLSA COVERAGE

5.     At all times relevant, Defendant was a covered enterprise covered by the FLSA as defined by 29 U.S.C.§§ 203(r) and 203(s).

6.     At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7.    Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during all times relevant.

8.    At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, but had come to rest within Seminole County, Florida.

9.    At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Data Engineers, like the Plaintiff.

## FACTUAL ALLEGATIONS

10.    Mr. Paladugu worked for Systemonex in Seminole County, Florida, as a non-exempt employee, in the role of Sr. Data Engineer, from October 8, 2020, until his termination on April 5, 2021.

11.    Beginning in the first week of January, 2021, Mr. Paladugu was paid **nothing at all** in exchange for his services.

12.    The federal minimum wage is $7.25 per hour. Mr. Paladugu worked forty-five (45) hours per week on average.

13.     Mr. Paladugu is owed minimum wage for all hours worked, liquidated damages, and attorneys' fees and costs as permitted by law.

14.     Systemonex also failed to pay Mr. Paladugu at the federally-mandated overtime rate for any hours worked over forty (40) per week. *See* 29 U.S.C. § 207.

15.     Systemonex failed to pay Mr. Paladugu **any** of his earned overtime wages in 2021.

16.     Systemonex's failure therefore violated the FLSA and resulted in Mr. Paladugu being owed unpaid overtime wages.

17.     In late March of 2021, Mr. Paladugu, after patiently emailing Systemonex about his missing pay throughout 2021, objected to Systemonex that its actions violated the FLSA.

18.     Mr. Paladugu's objections are considered protected activity under the FLSA.

19.     Very shortly thereafter, on April 5, 2021, Systemonex informed Mr. Paladugu that it had decided to terminate his employment, effective immediately.

20.     Systemonex's failure to pay Mr. Paladugu his "outstanding/remaining commissions and pay due upon exiting the company" violated Fla. Stat. § 448.01, et seq. *See, e.g., Gulf Solar, Inc. v. Westfall*, 447

So. 2d 363, 366-67 (Fla. 2d DCA 1984); *Gulfstar Yacht Sales, Inc. v. Bissell*, 487 So. 2d 31, 32 (Fla. 4th DCA 1986).

21.    Systemonex is also liable for Mr. Paladugu's attorneys' fees and costs with respect to his unpaid wages.  *See* Fla. Stat. § 448.08.

22.    Systemonex offered no cogent explanation for taking extreme adverse employment action against Mr. Paladugu.

23.    Systemonex terminated Mr. Paladugu's employment in retaliation for his objections to Systemonex's violations of the FLSA.

24.    Prior to commencing employment, Defendant offered Paladugu the position of Sr. Data Engineer at $36.00 an hour for forty (40) hours per week in exchange for his employment services.

25.    Mr. Paladugu accepted Defendant's offer, and, in consideration for same, commenced work on Defendant's behalf.

26.    Mr. Paladugu and Defendant entered into a legally enforceable Contract/Agreement under Florida law.

27.    Despite the parties' Contract/Agreement, Defendant failed and/or refused to compensate Mr. Paladugu for his full agreed upon salary under the Contract/Agreement during his employment with Defendant.

28.    Defendant terminated Mr. Paladugu's employment because he objected to Defendant's breach of contract, non-payment and/or

underpayment of an overtime premium under the FLSA, failure to pay minimum wage, and unlawful pay practices in violation of U.S.C. § 215(a)(3).

29.     There is an extremely close temporal proximity/nexus between Mr. Paladugu asserting/renewing his objections to Defendant's illegal pay practices, and his termination shortly thereafter.

30.     Mr. Paladugu has been damaged as a result of Defendant's retaliation and termination of his employment.

31.     As a result of Defendant's unlawful and retaliatory termination of Mr. Paladugu's employment, he has suffered severe emotional distress.

32.     Defendant violated Title 29 U.S.C. §207.

33.     Mr. Paladugu worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant.

34.     No payments or provisions for payment, or insufficient payments or provisions for payment, has been made by Defendant to properly compensate Mr. Paladugu at the statutory rate of one and one-half times Mr. Paladugu's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA.

35.     Defendant failed to maintain Mr. Paladugu's proper time records as mandated by the FLSA.

36.     Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Mr. Paladugu's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37.     Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Mr. Paladugu's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

38.     Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Mr. Paladugu's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

39.     Based on the allegations in Paragraphs 34-38, above, Mr. Paladugu is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

40.     Mr. Paladugu has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- BREACH OF PLAINTIFF'S EMPLOYMENT CONTRACT

41.     Mr. Paladugu realleges and incorporate all allegations contained within Paragraphs 1-40 of the Complaint, as if fully set forth herein.

42.     As stated above, prior to commencing employment, Defendant offered Mr. Paladugu the position of Sr. Data Engineer at $36.00 an hour for forty (40) hours per week in exchange for his employment services.

43.     Mr. Paladugu accepted Defendant's offer to work for said compensation and, in consideration for same, engaged in work on Defendant's behalf.

44.     Defendant willfully failed to pay Mr. Paladugu for his wages accrued and earned upon his termination.

45.     Defendant breached the Agreement with Mr. Paladugu for payment of his wages due.

46.     Mr. Paladugu has been damaged due to Defendant's willful breach and failure to pay Mr. Paladugu the agreed upon compensation.

47.     Pursuant to Section 448.08, Florida Statutes, Mr. Paladugu, who was an employee of Defendant, is entitled to the costs of this action and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff requests this Honorable Court enter a judgment against Defendant for damages and prejudgment interest, together with costs of

suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## COUNT II - VIOLATION OF 29 U.S.C §206 - MINIMUM WAGE UNDER FLSA

48.    Mr. Paladugo reincorporates and readopts all allegations contained within Paragraphs 10-40 above.

49.    Mr. Paladugo was entitled to be paid the applicable federal minimum wage for each hour Mr. Paladugo worked for Defendant.

50.    Defendant failed to pay Mr. Paladugo the federal minimum wage for each week Mr. Paladugo worked for Defendant.

51.    As a result of Defendant's actions in this regard, Mr. Paladugo was not paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendant.

52.    Defendant willfully failed to pay Mr. Paladugo the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

53.    As a direct and proximate result of Defendant's deliberate nonpayment of wages, Mr. Paladugo has been damaged in the loss of minimum wages during his employment with Defendant.

54.    Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

55.     Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

56.     Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

**WHEREFORE,** Mr. Paladugo respectfully requests that judgment be entered in his favor against Defendant, and that this Court declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA, award Plaintiff minimum wages for all hours worked, award Plaintiff liquidated damages in an amount equal to the minimum wage award, award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b), and award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## COUNT III - VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

57.     Plaintiff realleges and incorporates all allegations contained within Paragraphs 10-40 of the Complaint, as if fully set forth herein.

58.    Mr. Paladugu worked in excess of forty (40) hours per week for which he was not compensated at the statutory rate of one and one-half times his regular rate of pay.

59.    Mr. Paladugu was entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

60.    Plaintiff was not an exempt employee as defined by the FLSA.

61.    At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

62.    As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff's time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Mr. Paladugo suffered damages plus incurred reasonable attorneys' fees and costs.

63.    As a result of Defendant's willful violation of the FLSA, Mr. Paladugo is entitled to liquidated damages.

64.    At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to Mr. Paladugo by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime

compensation of such employees at a rate less than time and a half the applicable minimum wage for overtime hours.

**WHEREFORE**, Mr. Paladugo requests this Honorable Court enter a judgment against Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## COUNT IV
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

65.     Plaintiff realleges and incorporates all allegations contained within Paragraphs 10-40 of the Complaint, as if fully set forth herein.

66.     In late March of 2021, Mr. Paladugo objected to Defendant's illegal pay practices, and asserted violations of the FLSA.

67.     On April 5, 2021, Defendant illegally terminated Mr. Paladugo from his employment in violation of 29 U.S.C. § 215(a)(3).

68.     Mr. Paladugo was terminated for no other reason than his objections to Defendant's illegal pay practices.

69.     As a result of Defendant's intentional, willful, and unlawful actions, Mr. Paladugo has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

70.     The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]."  29 U.S.C. § 215(a)(3).

71.     In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions.  The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a.     Declaring, pursuant to 29 U.S.C. §215(a)(3), that the acts and practices complained of herein are in violation of the FLSA;

b.     Awarding Plaintiff lost/back wages since the date of her termination;

c.    Awarding Plaintiff liquidated damages in an amount equal to the back wages award;

d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.    Awarding Plaintiff pre-judgment interest;

f.    Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Mr. Paladugo demand trial by jury on all issues so triable as a matter of right by jury.

DATED this March 14, 2023.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Road. 84, Ste. 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
noah@floridaovertimelawyer.com

*Counsel for Plaintiff*

14