UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PHANI PALADUGU,

        Plaintiff,

v.                                        Case No:   6:23-cv-467-RBD-LHP

SYSTEMONEX, INC.,

        Defendant

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause comes before the Court *sua sponte*. Plaintiff Phani Paladugu, through counsel, instituted this action against Defendant Systemonex, Inc. on March 14, 2023, alleging violations of the Fair Labor Standards Act ("FLSA") and a related claim under state law. Doc. No. 1. On May 4, 2023, the Court issued an FLSA Scheduling Order setting forth several deadlines in this case, which included a deadline for Plaintiff to serve on Defendant and file with the Court answers to the Court's Interrogatories. Doc. No. 18 ¶ 2. *See also id.* at 7–8. Plaintiff, through counsel, obtained two extensions of time to comply with that deadline, and Plaintiff's answers to the Court's Interrogatories were due on July 3, 2023. *See* Doc. Nos. 20–24. Plaintiff did not comply with that deadline. Instead, on July 3, 2023,

his counsel filed motions to withdraw, stating that withdrawal was necessary because Plaintiff was refusing to communicate or respond. Doc. Nos. 25–26. Upon consideration, the undersigned granted the motions to withdraw on July 5, 2023. Doc. No. 27. Since then, Plaintiff has been proceeding *pro se*, and has made no further filings in this case.

On July 28, 2023, Defendant filed a motion to compel Plaintiff to file answers to the Court's Interrogatories, in compliance with the Court's FLSA Scheduling Order, which motion was referred to the undersigned. Doc. No. 31. Plaintiff did not timely respond to that motion either. *See* Local Rule 3.01(c). *See also* Fed. R. Civ. P. 6(d). Accordingly, the undersigned considered the motion as unopposed. *See id.*[1] On August 25, 2023, the undersigned granted the motion, and ordered Plaintiff to show cause on or before September 8, 2023 why this matter should not be dismissed for failure to prosecute, and more specifically, for failure to comply with the July 3, 2023 deadline for filing and serving answers to the Court's Interrogatories. Doc. No. 35. The undersigned further ordered Plaintiff to file answers to the Court's Interrogatories on or before September 8, 2023. *Id.* at 3.

---

[1] The docket reflects that since Plaintiff has been proceeding *pro se*, mail from the Clerk's office has been returned as undeliverable. In an abundance of caution, the undersigned directed Plaintiff's prior counsel to file a notice verifying that the contact information provided by counsel in their motions to withdraw was correct. Doc. No. 33. Former counsel has filed such notice, stating that the information was correct, and that Plaintiff provided the contact information to former counsel. Doc. No. 34.

Plaintiff has not responded to the Order to Show Cause, nor has Plaintiff filed answers to the Court's Interrogatories to date, despite being cautioned that failure to comply may result in dismissal of this matter for failure to prosecute.  *See id.*[2]

Accordingly, based on the foregoing, it is respectfully **RECOMMENDED** that this matter be **DISMISSED without prejudice** for failure to comply with Court Orders (Doc. Nos. 18, 35) and for failure to prosecute.  *See* Local Rule 3.10 ("A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay.").  *See also Willard v. UFP Auburndale, LLC*, No. 8:21-cv-1987-CEH-JSS, 2022 WL 5240779, at *2 (M.D. Fla. Oct. 6, 2022) (dismissing case without prejudice where plaintiff's counsel withdrew, plaintiff proceeded *pro se*, plaintiff failed to respond to a motion to compel or comply with an order granting same, the plaintiff otherwise failed to prosecute the case, and defense counsel was largely unable to contact plaintiff); *Mix v. Quality Res., Inc.*, No. 8:14-cv-199-T-36MAP, 2015 WL 427524, at *2 (M.D. Fla. Feb. 2, 2015) (dismissing case without prejudice where the plaintiff was recently proceeding *pro se*, defense counsel had been unable to contact

---

[2] The undersigned further directed defense counsel to serve the August 25, 2023 Order on Plaintiff by email, and defense counsel filed a certificate of compliance with the Court.  Doc. Nos. 35–36.

the plaintiff, and the plaintiff had not responded to or cooperated in discovery, despite being ordered to do so).

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 12, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy